# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MARTIN L. SUAREZ-MARTINEZ )
and STEPHANIE L. SUAREZ-OLIVER, )
(H&W), )
                                                   )
        Plaintiffs, )
                                                   )
vs. )    Case No. CIV-14-1322-M
                                                 )
WELLS FARGO BANK, N.A., )
                                                 )
        Defendant. )

## ORDER

Before the Court is plaintiffs' Motion to Remand Pursuant 28 U.S.C. § 1447(c), filed December 22, 2014. On January 12, 2015, defendant filed its response, and on January 21, 2015, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

On September 8, 2014, plaintiffs, who are proceeding pro se, filed the instant action in the District Court of Comanche County, State of Oklahoma alleging fraud and intentional infliction of emotional distress against defendant. On November 12, 2014, the state court held a hearing in this case, and at that hearing, plaintiffs announced on the record that they are seeking damages in excess of $75,000.00. On November 26, 2014, defendant removed this action to this Court on the basis of diversity jurisdiction.

Plaintiffs now move this Court to remand this action back to state court. Specifically, plaintiffs contend defendant did not sufficiently allege facts in its Notice of Removal that would enable the Court to determine if diversity of citizenship exists. Plaintiffs further contend that defendant's Notice of Removal is insufficient because it did not contain a transcript of the November 12, 2014 hearing. Finally, plaintiffs contend that this Court should exercise its discretion and abstain from hearing this case.

This Court has diversity jurisdiction if the matter in controversy exceeds $75,000.00 and is between citizens of different states.[1]  *See* 28 U.S.C. § 1332(a)(1).  In its Notice of Removal, defendant states that plaintiffs are citizens of the State of Oklahoma and defendant "is a National Banking Association with its designated main office in Sioux Falls, South Dakota."  Notice of Removal at ¶¶ 7, 8.  "All national banking associations shall . . . be deemed citizens of the States in which they are respectively located."  28 U.S.C. § 1348.  The United States Supreme Court has held "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).  Thus, defendant, by stating that its designated main office was in Sioux Falls, South Dakota, sufficiently alleged facts that would enable this Court to determine that defendant is a citizen of the State of South Dakota and that there was diversity of citizenship in this case.

Additionally, 28 U.S.C. § 1446(a) provides:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, <u>together with a copy of all process, pleadings, and orders **served upon such defendant** or defendants in such action</u>.

28 U.S.C. § 1446(a) (emphasis added).  Defendant attached to its Notice of Removal the state court docket sheet, as well as all documents filed in the case.  As the transcript of the November 12, 2014 hearing was never filed in this case, and defendant was never served with a copy of the transcript, the Court finds that defendant was not required to attach a copy of the transcript to its Notice of Removal.

---

[1] Plaintiffs do not dispute that the amount in controversy exceeds $75,000.00.

Finally, in their motion, plaintiffs make various arguments regarding this Court abstaining from exercising its jurisdiction in this case. Having carefully reviewed the parties' submissions, the Court finds plaintiffs have not set forth any sufficient basis for abstention in this case.

Accordingly, for the reasons set forth above, the Court DENIES plaintiffs' Motion to Remand Pursuant 28 U.S.C. § 1447(c) [docket no. 8].

**IT IS SO ORDERED this 10th day of March, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE