# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARTIN L. SUAREZ-MARTINEZ and STEPHANIE L. SUAREZ-OLIVER, (H&W), ) ) ) ) Plaintiffs, ) ) vs. ) ) WELLS FARGO BANK, N.A., ) ) Defendant. ) | Case No. CIV-14-1322-M |

## ORDER

Before the Court is plaintiffs' Motion to Strike, filed December 23, 2014. On January 12, 2015, defendant filed its response, and on January 21, 2015, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

On September 8, 2014, plaintiffs, who are proceeding pro se, filed the instant action in the District Court of Comanche County, State of Oklahoma alleging fraud and intentional infliction of emotional distress against defendant. On November 26, 2014, defendant removed this action to this Court on the basis of diversity jurisdiction. On December 2, 2014, defendant filed its answer. Plaintiffs now move this Court to strike certain portions of defendant's answer on the ground that they are improper and to strike certain of defendant's defenses on the ground that they are inadequately pled.

II. Discussion

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because striking a portion of a pleading is a drastic remedy and because a motion to strike may often be made

as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored. *See Colo. Milling & Elevator Co. v. Howbert*, 57 F.2d 769 (10th Cir. 1932) (observing that courts should proceed with extreme caution in striking a pleading). While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court. *See Scherer v. United States Dep't of Educ.*, 78 F. App'x 687, 689 (10th Cir. 2003). Further, while the Tenth Circuit has not ruled on whether *Twombly* and *Iqbal* apply to pleading affirmative defenses, this Court has ruled that they do apply. *See, e.g., Burget v. Capital W. Secs., Inc.*, Case No. CIV-09-1015-M, 2009 WL 4807619 (W.D. Okla. Dec. 8, 2009). The Court, therefore, finds that the affirmative defenses at issue in this case must satisfy the pleading standards set forth in *Twombly* and *Iqbal*.

A. <u>The phrase "and demands strict proof thereof"</u>

In their motion, plaintiffs move this Court to strike the phrase "and demands strict proof thereof" from defendant's answer. In its response, defendant states it does not object to striking this phrase. Accordingly, the Court finds that the phrase "and demands strict proof thereof," which occurs numerous times throughout defendant's answer, should be stricken.

B. <u>Other phrases in answer</u>

Plaintiffs move this Court to strike the following phrases from defendant's answer:

1) "To the extent the allegations as set forth in Paragraph 1 of Plaintiffs' Complaint can be read to imply wrongdoing on the part of Wells Fargo, such allegations are denied" – contained in paragraph 1;
2) "that Plaintiffs are residents of Comanche County, Oklahoma" – contained in paragraph 2;
3) "and asserts that the U.S. District Court for the Western District of Oklahoma has jurisdiction and is the proper venue" – contained in paragraph 4;
4) "that on December 8, 2006, Plaintiff Martin L. Suarez-Martinez executed a Promissory Note in favor of Wells Fargo Bank, NA and that both Plaintiffs executed a Mortgage in favor of Wells Fargo Bank, NA" – contained in paragraph 5;

5) "that on December 8, 2006, Plaintiff Martin L. Suarez-Martinez executed a Promissory Note in favor of Wells Fargo Bank, NA and that both Plaintiffs executed a Mortgage in favor of Wells Fargo Bank, NA" – contained in paragraph 7;
6) "Plaintiff Martin L. Suarez-Martinez executed contemporaneously with, and as part of, the Note" – contained in paragraph 8;
7) "regarding the date and location of the recording of the Mortgage" – contained in paragraph 9;
8) "vague and confusing as what 'valuable thing' Defendant received for 'nothing' and it is therefore" – contained in paragraph 11;
9) "is vague as to time, but" – contained in paragraph 13; and
10) "is vague as to time, but" – contained in paragraph 15.

Having carefully reviewed defendant's answer and the parties' submissions, the Court finds that the above phrases are appropriate and proper and should not be stricken from defendant's answer.

### C. Failure to state a claim

In its answer, defendant states: "For further answer and defense, Wells Fargo states that Plaintiffs' Complaint fails to state a claim upon which relief can be granted." Answer of Defendant Wells Fargo Bank, NA at 7, ¶ 1. Plaintiffs move to strike this defense and contend that this defense is a mere conclusion of law unsupported by ultimate fact and as such does not present a defense to this action. Defendant asserts that this defense is identical to that stated in Form 30 of the Appendix of Forms in the Federal Rules of Civil Procedure. Having reviewed defendant's answer and the parties' submissions, the Court finds defendant's failure to state a claim defense is not clearly a legally insufficient defense and should not be stricken.

### D. Failure to comply with Federal Rules of Civil Procedure 9(b) or 9(f)

In its answer, defendant states: "For further answer and defense, Wells Fargo states that Plaintiffs' Complaint for Fraud does not comply with the pleading requirements of FRCP 9(b) or 9(f)." Answer of Defendant Wells Fargo Bank, NA at 7, ¶ 2. Plaintiffs move to strike this defense

3

and contend that defendant failed to identify facts supporting this statement such as would put plaintiffs on fair notice of its claims. Plaintiffs also contend that this is not a defense, much less an affirmative defense. Rule 9(b) requires that when alleging fraud, a party must state with particularity the circumstances constituting fraud, and Rule 9(f) provides that allegations of time and place are material when testing the sufficiency of a pleading. Having carefully reviewed defendant's answer, the Court finds that by asserting that plaintiffs failed to comply with Rule 9(b) and 9(f), defendant has given plaintiffs fair notice that it alleges plaintiffs have failed to plead fraud, time and place with particularity. Accordingly, the Court finds that this defense has been sufficiently pled and should not be stricken.

> E. <u>Failure to mitigate damages, laches, waiver, estoppel, ratification, statute of frauds, and statute of limitations</u>

In its answer, defendant states: "For further answer and defense, Wells Fargo states that Plaintiffs' Complaint/Damages claims are barred in part or in whole for failure to mitigate damages, laches, waiver, estoppel, ratification, statute of frauds, and statute of limitations." Answer of Defendants Wells Fargo Bank, NA at 7, ¶ 3. Plaintiffs move to strike these defenses and contends that defendant has failed to set forth sufficient facts to support these defenses. Defendant asserts that these defenses were appropriately pled. Having carefully reviewed the parties' submissions, as well as defendant's answer, the Court finds that defendant has set forth absolutely no factual basis for the defenses of failure to mitigate damages, laches, waiver, estoppel, ratification, statute of frauds, and statute of limitations; defendant merely includes a boilerplate, conclusory statement asserting these defenses. The Court, therefore, finds that these affirmative defenses fail to satisfy the *Twombly* and *Iqbal* pleading standards and should be stricken. However, the Court finds that defendant should be granted leave to amend its answer to cure the above deficiency.

### F. Punitive damages

In its answer, defendant asserts a number of defenses in relation to punitive damages. Plaintiffs assert that these defenses should be stricken because defendant fails to identify facts supporting these defenses such as would put plaintiffs on fair notice of its defenses. Having reviewed defendant's answer and the parties' submissions, the Court finds defendant's defenses to plaintiffs' punitive damages claim are not clearly legally insufficient and should not be stricken.

### G. Economic loss doctrine

In its answer, defendant states: "Claims for non/extra-contractual damages, including punitive damages, are barred by the economic loss doctrine." Answer of Defendant Wells Fargo Bank, NA at 9, ¶ 9. Plaintiffs move to strike this defense. Having carefully reviewed defendant's answer and the parties' submissions, the Court finds defendant's economic loss doctrine defense is not clearly legally insufficient and should not be stricken.

### H. Reservation of right to amend

In its answer, defendant states: "Wells Fargo reserves the right to amend or modify its Reply upon the completion of discovery." Answer of Defendant Wells Fargo Bank, NA at 9, ¶10. Plaintiffs move to strike this paragraph. In its response, defendant states that it does not object to the Court striking this paragraph. Accordingly, the Court finds that this paragraph should be stricken.

## III. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART plaintiffs' Motion to Strike [docket no. 9] and STRIKES the following: (1) the phrase "and demands strict proof thereof" contained in paragraph nos. 3, 10, 12, 14, 16, 19, 20, 21, 23, 24, 26 through 38,

5

and 40 through 54; (2) the affirmative defenses of failure to mitigate damages, laches, waiver, estoppel, ratification, statute of frauds, and statute of limitations; and (3) defendant's reservation of the right to amend or modify set forth in paragraph 10 on page 9.  Additionally, the Court GRANTS defendant leave to file an Amended Answer, as set forth above; said Amended Answer shall be filed within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED this 10th day of March, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE