IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. MARTIN L. SUAREZ-MARTINEZ and )<br>2. STEPHANIE L. SUAREZ-OLIVER,(H&W), )<br>Plaintiff, )<br>vs. )<br>)<br>1. WELLS FARGO BANK, N.A. )<br>Defendant. ) | Case No. CIV-14-1322-M |

**DEFENDANT WELLS FARGO BANK, NA'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S COMBINED MOTION FOR SUMMARY JUDGMENT AND OPENING BRIEF IN SUPPORT**

Wells Fargo Bank, NA, Replies to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment [Doc. 66] as follows:

**I.   Plaintiff's Affidavit Is Not Sufficient to Preclude Summary Judgment**

In support of their opposition to Defendant's Motion for Summary Judgment, Plaintiffs Memorandum in Opposition [Doc. 66] attached as Exhibit 2, a July 24, 2014, Affidavit of Plaintiff Martin L. Suarez-Martinez. However, none of the allegations set forth in the numbered paragraphs of the Affidavit are substantiated by proof in the record. Instead the Affidavit is a series of vague and conclusory statements.

Self-serving affidavits without support in the record do not create an issue of fact. *Murray v. City of Sapulpa,* 45 F.3d 1417, 1422 (10th Cir.1995); *Stevens v. Barnard,* 512 F.2d 876, 879 (10th Cir.1975) ("[G]eneralized, conclusory, unsubstantiated, non-personal affidavits are insufficient to successfully oppose a motion for summary judgment."); *American Exp. Financial Advisors, Inc. v. Topel,* 38 F.Supp.2d 1233, 1242 (D.Colo.1999) (Conclusory allegations not supported by specific facts cannot defeat a

properly supported motion for summary judgment). *BancOklahoma Mortgage Corp. v. Capital Title Co.,* 194 F.3d 1089, 1101 (10th Cir.1999) (An affidavit is an appropriate vehicle to establish a fact for summary judgment purposes, but "the affidavit must set forth facts," not "sweeping, conclusory statements that do not mention any single transaction, date or person."); *Hall v. Bellmon,* 935 F.2d 1106, 1111 (10th Cir.1991) (The affidavits of a party opposing summary judgment must "set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient").

Indeed, the 10th Circuit recently confirmed, "We do not consider conclusory and self-serving affidavits." *Ellis v. J.R.'s Country Stores, Inc.,* 779 F.3d 1184, 1201 (10th Cir. 2015). Plaintiff's Affidavit should not be considered. Plaintiffs have failed to provide any evidence to dispute Defendant's factual assertions, which were supported by competent evidence.

## II.   Plaintiffs' Statement that Discovery Is Incomplete Is Not Sufficient to Preclude a Ruling on Defendant's Motion for Summary Judgment

There is no requirement in FRCP 56 that discovery be complete before summary judgment can be entered. *Public Serv. Co. v. Continental Cas. Co.,* 26 F.3d 1508, 1518 (10th Cir.1994). FRCP 56(d) grants a court discretion to defer consideration, deny summary judgment, or order a continuance when the nonmovant shows by affidavit or declaration, for specified reasons, it cannot present facts essential to justify its opposition. FRCP 56(d). Here, Plaintiff chose to respond to the Motion for Summary instead of first seeking a continuance pursuant to FRCP56(d). Though Plaintiffs are proceeding *pro se*, they are required to comply with the rules of procedure just as any other litigant. *See Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir.2007).

Here, Plaintiffs' entire fifteen (15) page Memorandum in Opposition, save a single paragraph[1], is devoted to arguments and allegations in opposition to Defendant's Motion for Summary Judgment.  Plaintiffs failed to attach a Rule 56(d) affidavit explaining why they need additional discovery despite filing a response, but Plaintiff Mr. Suarez-Martinez did verify the entire Memorandum of Opposition under oath.

However, even if Plaintiff's verification is treated as a "declaration" pursuant to FRCP 56(d), Plaintiffs' Memorandum in Opposition fails to meet the requirements for a Rule 56(d) a continuance.   A party seeking to defer a ruling on summary judgment under Rule 56(d)[2] must explain why facts precluding summary judgment cannot be presented. *Libertarian Party of New Mexico v. Herrera,* 506 F.3d 1303, 1308-1309 (10th Cir.2007). This includes identifying the probable facts not available and what steps have been taken to obtain these facts. *Id.*  A party may not invoke Rule 56(d) by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion. *Id.*

 Plaintiffs' general allegation that they cannot present additional disputed facts to support their allegations are insufficient to preclude the entry of summary judgment. Because Plaintiffs fail to specify how any specific information they still seek will rebut the summary judgment motion, the Court is not precluded from ruling despite any outstanding discovery responses or discovery motions.

---

[1]  See (¶4, P. 14 of Plaintiff's Memorandum in Opposition, [Doc. 66].

[2] Rule 56(f) was re-codified as Rule 56(d) on December 1, 2010, without significant substantive change. To avoid confusion, the Rule will consistently be cited as Rule 56(d).

### III. Further Discovery Cannot Convert a Claim based on the Vapor Money Theory Into a Viable Cause of Action

Even assuming strict compliance with Rule 56(f) is not required, a nonmovant must still demonstrate how additional time would enable it to rebut the defendant's allegations of no genuine issues of fact. *Houck v. City of Prairie Vill.*, 166 F.3d 347 (10th Cir. 1998). Here, no amount of discovery can overcome the fact that the Vapor Money Theory upon which Plaintiffs base their Complaint is bogus and cannot form the basis of valid cause of action. See *Gallant v. Deutsche Bank Nat. Trust Co.,* 766 F. Supp. 2d 714, 721-22 (W.D. Va. 2011) citing *Demmler v. Bank One NA,* 2006 WL 640499, at *1, 2006 U.S. Dist. LEXIS 9409, at *3–4 (S.D.Ohio Mar. 9, 2006)(Courts have uniformly rejected the Vapor Money Theory and similar arguments).

WHEREFORE, Defendant Wells Fargo Bank, N.A., prays the Court enter judgment in favor of Wells Fargo on all Causes of Actions set forth in the Complaint, award it costs in defending this action, including reasonable attorney fees, and find this action to be frivolous and make a monetary award of sanctions for the filing of this frivolous action, and such further relief as the court may deem equitable.

        PIERCE COUCH HENDRICKSON
        BAYSINGER & GREEN, L.L.P.

        /s/   Mark E. Hardin
        Mark E. Hardin, OBA # 15297
        907 South Detroit, Suite 815
        Tulsa, OK  74120
        (918) 583-8100
        FAX: (918) 583-8107
        mhardin@piercecouch.com

- and -

                                Sean Denton, OBA # 21645
                                1109 N. Francis
                                Oklahoma City, OK  73106
                                (405) 235-1611
                                FAX: (405) 235-2904
                                sdenton@piercecouch.com

                                *Attorneys for Defendant*

## **CERTIFICATE OF MAILING**

I hereby certify that a full, true and correct copy of the above and foregoing document was served on the 23rd day of December, 2015, via:

☒ Certified Mail, Return Receipt Requested;


to the following counsel of record:

Martin L. Suarez-Martinez
Stephanie Suarez-Oliver
1640 NW 27th St.
Lawton, OK  73505
*Pro Se Plaintiffs*

                                                      /s/  Mark E. Hardin