IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. MARTIN L. SUAREZ-MARTINEZ and | ) | |
| 2. STEPHANIE L. SUAREZ-OLIVER, (H&W) | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-1322-M |
| | ) | |
| 1.  WELLS FARGO BANK, N.A. | ) | |
| Defendant. | ) | |

**DEFENDANT'S BRIEF IN RESPONSE TO
PLAINTIFFS' MOTION TO DETERMINE SUFFICIENCY [DOC 65]**

Defendant Wells Fargo Bank, NA responds to Plaintiffs' Motion to Determine Sufficiency [Doc.65] as follows:

## I.      Statement of the Case

Plaintiff's Complaint is a classic example of the universally rejected "Vapor Money" theory. The essence of the "vapor money" theory is that promissory notes are the equivalent of "money" that citizens literally "create" with their signatures. Then, the bank purports to lend the "money" that was "created" by the citizen's signature *back to the citizen-borrower.  McLaughlin v. CitiMortgage, Inc.,* 726 F. Supp. 2d 201, 212 (D. Conn. 2010). The Vapor Money theory has also been described as follows:

> Plaintiff alleges that the promissory note he executed is the equivalent of "money" that he gave to the bank. He contends that [the lender] took his "money," i.e., the promissory note, deposited it into its own account without his permission, listed it as an "asset" on its ledger entries, and then essentially lent his own money back to him. He contends that [the lender] ... "created" the money through its bookkeeping procedures.

*Gallant v. Deutsche Bank Nat. Trust Co.,* 766 F. Supp. 2d 714, 721-22 (W.D. Va. 2011).

Courts have uniformly rejected the Vapor Money theory and similar arguments.  *Gallant,*

at 722.  Yet, Plaintiffs continue to pursue harassing discovery requests in their quest to promote this universally rejected theory.  On December 3, 2015, Plaintiff Mr. Suarez-Martinez and Counsel for Defendant, Mark E. Hardin, conducted a telephonic meet and confer to discuss the fact that Plaintiff's Requests for Admissions were overly broad. Counsel invited Plaintiff to narrow his requests, but instead, this Motion followed.

## II.    Argument and Authority

FRCP 36 authorizes a party to serve a written request for another party to admit, for the purposes of the pending action only, the truth of any matters within the scope of FRCP 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents. FRCP 36(a)(1). In short, the matter requested to be admitted must be relevant and not privileged.  If an matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  FRCP 36(a)(4).  When good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. FRCP 36(a)(4).

The purpose of FRCP 36 is to allow for the narrowing or elimination of issues in a case. The rule is not properly speaking a discovery device, rather it is "a procedure for obtaining admissions for the record of facts already known" by the seeker. *Dubin v. E.F. Hutton Grp. Inc.,* 125 F.R.D. 372, 375-76 (S.D.N.Y. 1989) citing Wright & A. Miller, *Federal Practice and Procedure,* §2253 (1970).  To facilitate this purpose, each request for admission must be direct, simple and limited to singular relevant facts, so that it can be admitted or denied without explanation. *Id.* A request should not state "half a fact" or

2

"half-truths" which require the answering party to qualify responses. *Id.* If a Request for Admission is not a simple and concise statement of fact, but contains vague and ambiguous wording that does not allow defendant fairly to admit or to deny it, an objection alleging it is vague, ambiguous, overbroad and burdensome is well founded. *Id.*

The rule respecting requests for admissions of facts should not be used unless a statement of facts sought to be admitted is so phrased that it can be admitted or denied without explanation and requests which are phrased so as to infer unfairly a particular or varied conclusion from the fact admitted are objectionable, as are requests which are half truths if such half truths would infer a conclusion different from the whole truth. *Kasar v. Miller Printing Mach. Co.*, 36 F.R.D. 200, 203 (W.D. Pa. 1964).[1] Where facts are in real dispute, they are not proper subjects for a request for admission. *Id.* Where a request for admission is argumentative and only possibly could be proper if certain facts are established, but such facts are not definitely on the record, objections to such request should be sustained. *Id.*

### III.   Specific Responses to Requests for Admissions

**<u>REQUEST FOR ADMISSION NO. 1:</u>**   Admit that You must follow Federal Reserve Bank's policies and procedures.

---

[1] *Kasar* has been criticized because it was decided before the 1970 amendment to FRCP 36, at a time when requests to admit were restricted to facts and could not include opinions. *In re M & L Bus. Mach. Co., Inc.,* 184 B.R. 366, 368 (D. Colo. 1995).  However, it continues to be cited for its holdings regarding argumentative requests and facts in real dispute. *Iantosca v. Benistar Admin Servs., Inc.*, CIV.A. 08-11785-NMG, 2012 WL 220224, at *2 (D. Mass. Jan. 24, 2012); *Quicken Loans v. Jolly*, 2:07-CV-13143, 2007 WL 3408551, at *2 (E.D. Mich. Nov. 15, 2007)

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**   Objection, this request is overly broad because it does not specify to which Federal Reserve Bank policies and procedures Plaintiff is referring.  Defendant may be exempt from certain policies and procedures and therefore cannot admit or deny the request as phrased.

**REQUEST FOR ADMISSION NO. 2:**   Admit that You must follow Generally Accepted Accounting Principles (GAAP) when you make a loan.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**   Objection, this request is overly broad because it does not specify to which Generally Accepted Accounting Principles (GAAP) Plaintiff is referring or how any such principals would apply to the underwriting process.

These requests are examples of "vague and ambiguous wording that does not allow defendant fairly to admit or to deny."  *Dubin,* supra.  Defendant cannot fairly admit or deny a request as to all policies and procedures or all rules.  Because Plaintiff is unwilling to cite to any specific rule, policy or procedure, Defendant's objection and detailed explanation for the objection are proper.

**REQUEST FOR ADMISSION NO. 3:**   Admit that Your assets and liabilities increased when you  made the alleged loan to Plaintiff(s).

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**   Objection, this requests seeks information that is not relevant and a response will not tend to prove or disprove any material fact.  Plaintiff signed a written agreement promising to repay the Defendant.  How Defendant tracks assets and liabilities is not relevant.  Without waiving these objections, Defendant admits that mortgage loans are generally considered assets of the mortgagee and liabilities of the mortgagor.

**REQUEST FOR ADMISSION NO. 4:**   Admit that Your bookkeeping entries show Plaintiff(s)' promissory note was recorded as an asset to you, resulting in a new liability to you.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**   Objection, this requests seeks information that is not relevant and a response will not tend to prove or disprove any material fact..  Plaintiff signed a written agreement

promising to repay the Defendant.   How Defendant tracks assets and liabilities is not relevant.   Without waiving these objections, Defendant admits that mortgage loans are generally considered assets of the mortgagee and liabilities of the mortgagor.

These requests are based on the universally rejected "vapor money" theory that promissory notes are the equivalent of "money" that citizens literally "create" with their signatures. Because Plaintiffs believe promissory notes are "money," they mistakenly believe that a promissory note is deposited into a bank account from which Plaintiffs can withdraw "their" created money.   These requests are examples of requests for admissions that are "argumentative and only possibly could be proper if certain facts are established, but because such facts are not definitely on the record, objections" to such requests "should be sustained." *Kasar,* supra.

**REQUEST FOR ADMISSION NO. 6:**   Admit that the intent of the agreement requires that the party who provided the money that funded the loan is to be repaid the money plus interest.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**   Defendant admits that it when it funded the loan, it expected that Plaintiff would honor his agreement to repay the loan by making payments to Defendant as set forth in the Promissory Note and Mortgage.

**REQUEST FOR ADMISSION NO. 7:**   Admit that the intent of the agreement is that all borrowers must repay all lenders.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**    Defendant admits that the intent of the Promissory Note as set forth in the agreement is that Plaintiff would repay Defendant.

The Requests are vague, argumentative, and attempt to present half-facts because they use the phrases "the party who funded the loan" and "all lenders" instead of using the terms "Defendant" or "Wells Fargo Bank, NA".   Plaintiffs are attempting to obtain an

admission from Defendant that it is not the lender who funded the loan; and/or Plaintiffs are attempting to obtain an admission that there is more than one lender. Defendant's qualified admission provides an adequate explanation and is therefore proper.

> **REQUEST FOR ADMISSION NO. 8:**  Admit that when a loan is not repaid, the one who funded the loan is damaged.

> **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**  Defendant admits that when a loan is not repaid, the owner of the note can be damaged if the sale of the collateral does not make the owner whole.

This Request is also vague, argumentative, and attempts to present half-facts because it uses the phrase "the one who funded the loan" instead of using the terms "Defendant" or "Wells Fargo Bank, NA".  Plaintiffs are attempting to obtain an admission from Defendant that it is not the lender who funded the loan. The request is also vague and overly broad because it does not identify the type of loan as secured, unsecured, or guaranteed.  In the case of a secured loan, like the loan at issue, the property can be sold and the proceeds used towards repayment of the loan.  Defendants qualified admission provides an adequate explanation and is therefore proper.

WHEREFORE, Defendant Wells Fargo Bank, NA requests the Court deny Plaintiff's Motion to Determine Sufficiency in its entirety.  In the alternative, should the Court determine that any specific answer is not sufficient, Defendant requests the Court grant Defendant leave to amend and/or supplement any such answer.

Respectfully submitted,

PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN, L.L.P.


_____s/  Mark E. Hardin_____
Mark E. Hardin, OBA # 15297
P. O. Box 239
Tulsa, OK  74101
(918) 583-8100
FAX: (918) 583-8107
mhardin@piercecouch.com
- and -
Sean Denton, OBA # 21645
1109 N. Francis
Oklahoma City, OK  73106
(405) 235-1611
FAX: (405) 235-2904
sdenton@piercecouch.com

*Attorneys for Defendant*

## CERTIFICATE OF MAILING

I hereby certify that a full, true and correct copy of the above and foregoing document was served on the 4th day of January, 2016, via:

☐ U. S. First Class Mail, proper postage prepaid;
☒ Certified Mail, Return Receipt Requested;
☐ Facsimile
☐ Hand Delivery
☐ Overnight Express Delivery

to the following counsel of record:

Martin L. Suarez-Martinez
Stephanie Suarez-Oliver
1640 NW 27th St.
Lawton, OK  73505
*Pro Se Plaintiffs*


_____s/  Mark E. Hardin_____

7