# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARTIN L. SUAREZ-MARTINEZ and STEPHANIE L. SUAREZ-OLIVER (H&W), | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | )  Case No. CIV-14-1322-M ) |
| WELLS FARGO BANK, N.A., | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is defendant's Combined Motion for Summary Judgment, filed December 1, 2015. On December 16, 2015, plaintiffs filed their response, and on December 23, 2015, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.      Introduction

On December 8, 2006, plaintiff Martin L. Suarez-Martinez executed a promissory note in favor of defendant Wells Fargo Bank, NA in the principal amount of $124,450.00, with an annual interest rate of 8.625%. Also on December 8, 2006, both plaintiffs executed a mortgage in favor of defendant Wells Fargo Bank, NA, pledging real property located in Comanche County, Oklahoma, as security for the promissory note. After the closing of the loan in question, the previous mortgage on the real property located in Comanche County, Oklahoma was released.

On September 8, 2014, plaintiffs filed the instant action in the District Court of Comanche County, State of Oklahoma. Plaintiffs allege causes of action for fraud and intentional infliction of emotional distress against defendant. On November 26, 2014, this case was removed to this Court. Defendant now moves the Court for summary judgment in its favor on all causes of action.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

   A.   Incomplete discovery

In their response, plaintiffs assert that summary judgment would not be appropriate because discovery is not complete. The Tenth Circuit has held "[t]here is no requirement in Rule 56, Fed.R.Civ.P., that summary judgment not be entered until discovery is complete." *Pub. Serv. Co. of Colo. v. Cont'l Cas. Co.*, 26 F.3d 1508, 1518 (10th Cir. 1994) (internal quotations and citations omitted). Further, Federal Rule of Civil Procedure 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Having reviewed plaintiffs' response, the Court finds that plaintiffs have not made the requisite showing required under Rule 56(d). Specifically, the Court finds plaintiffs have not specifically set forth why they need additional discovery to respond to the motion for summary judgment, and, in fact, have responded to the motion for summary judgment. Further, plaintiffs have not specifically stated what additional material they need or how this additional material will rebut the summary judgment motion. Additionally, having reviewed the parties' submissions, as well as the discovery motions that are currently pending in this case, and in light of the nature of the issues involved in ruling on the motion for summary judgment, the Court finds no additional discovery is needed prior to the Court ruling on defendant's motion for summary judgment.

Accordingly, the Court finds that even though discovery is not complete, it is appropriate to rule on defendant's motion for summary judgment.

B. Fraud

To establish actual fraud, "Oklahoma law requires the proponent to show by clear and convincing evidence a false material representation made as a positive assertion which is either known to be false, or made recklessly without knowledge of the truth, with the intention that it be acted upon by a party to his or her detriment." *F.D.I.C. v. Hamilton*, 122 F.3d 854, 858 (10th Cir. 1997) (internal quotations and citation omitted).

> To recover under a theory of constructive fraud, [a plaintiff] must prove:
> (1) That the defendant owed plaintiff a duty of full disclosure. This duty could be part of a general fiduciary duty owed by the defendant to the plaintiff. *This duty could also arise, even though it might not exist in the first instance, once a defendant voluntarily chooses to speak to plaintiff about a particular subject matter*;
> (2) That the defendant misstated a fact or failed to disclose a fact to plaintiff;
> (3) That the defendant's misstatement or omission was material;
> (4) That plaintiff relied on defendant's material misstatement or omission; and
> (5) That plaintiff suffered damages as a result of defendant's material misstatement or omission.

*Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1180-81 (10th Cir. 2008) (emphasis in original).

In the case at bar, the only false written representation of material fact plaintiffs allege was made to them by defendant is the following: Paragraph 1 of Plaintiff's Promissory Note "for a loan that I have received." *See* Plaintiff's Supplemental Responses to Interrogatories, Response to Interrogatory No. 4, attached as Exhibit 3 to Defendant Wells Fargo Bank, NA's Combined Motion for Summary Judgment and Opening Brief in Support. Further, the only material facts plaintiffs allege defendant failed to disclose regarding the transaction that originated the loan are the following:

> Defendant failed to disclose that the alleged loan was not in US Dollars. Defendant failed to disclose that in fact it was never a loan. Defendant failed to disclose that Defendant was going to deposit Plaintiff's Promissory Note as Defendant's asset and issue it back to Plaintiffs as a loan.

Plaintiff's Supplemental Responses to Interrogatories, Response to Interrogatory No. 3. Additionally, the terms and date of the promises that plaintiffs allege defendant failed to fulfill are the following:

> On December 8, 2006, Defendant promised to lend Plaintiff $124,450.00 U.S. Dollars as long as Plaintiff sign [sic] a promissory note agreeing to repay the money lend [sic] and signing a Mortgage. Defendant did not fulfill his promise of loaning Plaintiff $124,450.00 U.S. Dollars of Defendant's deposits.

Plaintiff's Supplemental Responses to Interrogatories, Response to Interrogatory No. 1.

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds plaintiffs have not presented sufficient evidence to create a genuine issue of material fact as to whether defendant made a false material representation, whether defendant misstated a fact or failed to disclose a fact to plaintiffs that was material, and whether plaintiffs relied on the misstatement or omission to their detriment. Specifically, the undisputed evidence shows defendant did loan money to plaintiff Martin L. Suarez-Martinez and that plaintiffs received what was promised by defendant, a release of plaintiffs' prior mortgage, in exchange for plaintiff's agreement to repay the loan.

Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiffs' fraud cause of action.

### C. Intentional infliction of emotional distress

> To recover damages for intentional infliction of emotional distress a plaintiff must prove: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the emotional distress was severe.

*Trentadue v. United States*, 397 F.3d 840, 855-56 (10th Cir. 2005) (internal citations omitted).

> The second element of the tort requires proof that the tortfeasor's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

> Generally, the case is one where the recitation of the facts to an average member of the community would arose his resentment against the actor, and lead him to exclaim, "Outrageous!" In addition, whether the tortfeasor's conduct was extreme and outrageous must be considered in the setting in which the conduct occurred.

*Id.* at 856 (internal quotations and citations omitted).

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds plaintiffs have not presented sufficient evidence to create a genuine issue of material fact as to whether defendant's conduct was extreme and outrageous. Based upon the record in this case, there is absolutely no evidence to support any finding that defendant's conduct was extreme and outrageous. Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiffs' intentional infliction of emotional distress cause of action.

IV. Conclusion

For the reasons set forth above, the Court GRANTS defendant's Combined Motion for Summary Judgment [docket no. 59].

**IT IS SO ORDERED this 22nd day of January, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE